UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSHUA T. MOORE, ) | |
| ) | |
| Plaintiff, ) | 1:12-CV-292 |
| ) | |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ALSTOM POWER TURBOMACHINES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

Before the Court is Defendant Alston Power Turbomachines, LLC's ("Defendant") motion to dismiss for failure to state a claim (Court File No. 21). Plaintiff Joshua Moore ("Plaintiff") responded to Defendant's motion (Court File No. 23) and Defendant replied to his response (Court File No. 24). For the following reasons, the Court will **GRANT IN PART** and will **DENY IN PART** Defendant's motion to dismiss (Court File No. 21).

After Defendant filed the instant motion, Plaintiff filed a motion requesting the Court refer the parties to mediation pursuant to Local Rule 16.4 (Court File No. 30). Defendant responded in opposition, noting mediation would not be productive pending the Court's ruling on its motion to dismiss (Court File No. 31). The Court will **DENY** Plaintiff's motion to refer the case to mediation with leave to refile in light of this memorandum and its accompanying order.

### I. RELEVANT FACTS

The following facts are alleged in the complaint. The Court assumes the veracity of Plaintiff's factual allegation on a Rule 12(b)(6) motion to dismiss. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). Plaintiff was employed as a Rotor Handling Assistant by Defendant for approximately three years at Defendant's premises in Hamilton County, Tennessee. He

performed such duties as crane operation, rigging, and forklift operation. Plaintiff was given permission by Scott Lambeth, Defendant's Environmental Health and Safety Manager, to remove scrap materials from work sites during the course of his employment. Plaintiff alleges Lambeth had "both actual and apparent authority" to bind Defendant to these agreements.

He has attached three of the agreements to his complaint, one of which states the following:

Subject: Scrap Metal

Objective: Josh Moore has permission to remove one truckload of scrap metal from the site, per direction of EHS.

Regards, Scott Lambeth
EHS Manager

(Court File No. 17-1, Ex. A). The above agreement was dated November 17, 2011. Another agreement, which is substantially similar to the contract above, permits Plaintiff to remove seven truckloads of scrap metal and is dated May 10, 2012 (Court File No. 17-3, Ex. C). Finally, Plaintiff attached an agreement to his complaint dated February 17, 2012, which permits Plaintiff to remove one truckload of "Non-ALSTOM Wood" from the site (Court File No. 17-2, Ex. B). The subject of the contract is "Wire Rope Removal."

After Plaintiff removed the materials, Lambeth's supervisors became aware of these agreements. The supervisors suspended Plaintiff after discovering these agreements and requested he return the money he made from sale of the scrap materials after deducting Plaintiff's expenses. They promised him he would suffer no adverse action as an employee. Plaintiff returned the profit he had remaining, which was $16,443.00. After returning these funds, Defendant terminated Plaintiff's employment. The decision to terminate Plaintiff's employment was made after it was discovered he made a profit from selling the scrap materials.

Shortly after his employment was terminated, Plaintiff filed suit in Hamilton County Circuit Court. Defendant removed to this court on August 30, 2012. On the same day, Plaintiff amended his complaint. After Defendant filed a preanswer motion to dismiss, Plaintiff filed a second amended complaint. In his second amended complaint, Plaintiff claims (1) the May 10, 2012 agreement constituted a contract separate from his employment and Defendant acted in bad faith by inducing him to return his scrap material profits on the understanding his employment would not be adversely affected, and subsequently terminating his employment; (2) Defendant contracted with Plaintiff for return of the profits in exchange for not terminating his employment, which Defendant breached; (3) Defendant negligently misrepresented to Plaintiff, through Lambeth, performance of the May 10, 2012 agreement would not affect Plaintiff's employment; and (4) Defendant "ruined" Plaintiff's reputation by defaming him to other employees of Defendant. Plaintiff seeks back wages and future wages, compensation for severe mental and emotional injury, compensation for damage to his reputation, and punitive damages. Defendant moved to dismiss this complaint for failure to state a claim on which relief could be granted.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman*, 484 F.3d at 859. The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265,

286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Plaintiff makes four claims: (1) Defendant acted in bad faith pursuant to the May 10, 2012 contract; (2) Defendant breached a different contract when it terminated Plaintiff's employment after he returned his scrap material profits; (3) Defendant negligently misrepresented performance of the May 10, 2012 contract would not affect his employment; and (4) Defendant defamed Plaintiff when it informed a number of its employees Plaintiff stole the scrap materials. The Court will consider the two contract claims together and will consider the negligent misrepresentation claim and defamation claim separately. For the reasons discussed below, the Court concludes Plaintiff's claim Defendant

breached its contract not to terminate his employment after he returned his scrap-material profits survives Defendant's motion. Plaintiff's other claims, however, will be dismissed.

**A. Contract Claims**

In Tennessee, "[t]he doctrine of employment-at-will is a long standing rule . . . which recognizes the concomitant right of either the employer or the employee to terminate the employment relationship at any time, for good cause, bad cause, or no cause at all, without being guilty of a legal wrong." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). Accordingly, an employer cannot be liable for breach of contract when it terminates an employee, if the employment relationship was at will. *See Forrester v. Stockstill*, 869 S.W.2d 328, 330 (Tenn. 1994) (holding a procurement of a breach of contract claim failed because "[i]n Tennessee, unless there is a contract of employment for a definite term, a discharged employee may not recover against an employer for breach of contract because there is no contractual right to continued employment."). When a plaintiff does not state in his complaint whether he was employed at will or pursuant to a contract, Tennessee courts presume an at-will relationship. *See Crews v. Buckman Labs. Intern., Inc.*, 78 S.W.3d 852, 864 (Tenn. 2002) ("Although we are unable to determine from the complaint whether this employment relationship is alleged to have been at-will or based upon an employment contract, we will presume that the plaintiff intended to allege an at-will employment relationship.").

Defendant reads Plaintiff's complaint to allege the breach of two separate contracts: (1) the May 2010 agreement to remove scrap materials, which Plaintiff claims imposed a duty of good faith and fair dealing on Defendant; and (2) the agreement Defendant made not to take adverse action against Plaintiff if he returned his scrap-material profits. Plaintiff's response to Defendant's motion

5

claims Defendant misreads his complaint, but Plaintiff merely argues he properly pleaded a violation of the duty of good faith. Plaintiff does not respond to Defendant's argument the second contract claim fails, except to state he is to be given all reasonable inferences in a motion to dismiss and to argue generally he does not assert a breach of the underlying employment contract but of separate contracts.

With respect to Defendant's alleged duty of good faith, "'[t]he implied obligation of good faith and fair dealing does not . . . create new contractual rights or obligations, nor can it be used to circumvent or alter the specific terms of the parties' agreement..'" *Lamar Adver. Co. v. By-Pass Partners*, 313 S.W.3d 779, 791 (Tenn. Ct. App. 2009) (quoting *Barnes & Robinson Co., Inc. v. OneSource Facility Servs., Inc.*, 195 S.W.3d 637, 642-43 (Tenn. Ct. App. 2006)). Accordingly, Tennessee courts have held, assuming a good-faith obligation exists in employment relationships, "the covenant of good faith and fair dealing does not, *ipso facto*, negate the at-will employment relationship." *Sudberry v. Royal & Sun Alliance*, 344 S.W.3d 904, 915 (Tenn. Ct. App. 2008) (citing *Goot v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2003-02013-COA-R3-CV, 2005 WL 3031638, at *8 (Tenn. Ct. App. Nov. 9, 2005)) ("[T]he implied duty of good faith and fair dealing cannot modify the employment-at-will doctrine and, therefore, . . . an employer does not breach its implied duty of good faith and fair dealing when it discharges an at-will employee for any reason."). The May 10, 2012 agreement did not itself reference Plaintiff's employment or impose any restrictions or obligations on Defendant regarding Plaintiff's employment. Defendant was not obligated by any duty of good faith to retain Plaintiff or only to terminate Plaintiff's employment for good cause, because the duty of good faith does not create new rights and obligations. Therefore, its decision to terminate Plaintiff's employment breached no alleged duty of good faith

6

arising from the May 10, 2012 contract. Accordingly, Plaintiff's good faith claim fails.

However, Plaintiff's second contract claim survives Defendant's motion. Plaintiff claims he provided Defendant his profits obtained from selling the scrap materials in exchange for Defendant's agreement not to terminate his employment. Plaintiff's complaint alleges "[Defendant] requested that he return the money he made from the sale of the scrap metal after deduction of Plaintiff's expenses, all the while promising him that no adverse action would be taken against him as an employee." Plaintiff later restates he "accepted the offer of the Defendant that, in exchange for the return [of his profits], he would suffer no adverse consequence to his employment relationship with the Defendant." Defendant argues Plaintiff's claim must be dismissed because he does not allege Defendant agreed to alter the term of his employment, which necessarily means his employment was still at will. *See Plumley Rubber Co. v. Alexander*, 1989 WL 105631, at \*2 (Tenn. Ct. App. Sept. 12, 1989) ("[A] contract for employment for an indefinite term is a contract at will and may be terminated by either party at any time without cause."). Similarly, Defendant argues Plaintiff fails to plead compensable damages because he did not have an interest in continued employment. Defendant also argues Plaintiff does not specify the provisions of the agreement sufficient to establish an enforceable contract.

The Court concludes dismissal is inappropriate at this stage. Plaintiff alleges he exchanged separate consideration for an agreement not to terminate his employment. The contours of this agreement are unknown to the Court at this time, but on a motion to dismiss the Court must construe Plaintiff's allegations in his favor. Plaintiff's allegation of an agreement not to terminate his employment could, under certain circumstances, create an interest in continued employment. *See Baldwin v. Pirelli Armstrong Tire Corp.*, 3 S.W.3d 1, 5 (Tenn. Ct. App. 1999) (holding complaint's

7

allegation they were hired on the understanding they would not be fired to make room for returning strikers was "more than a vague promise of 'permanent' employment which creates no more than an employment at will"); *Plumley Rubber*, 1989 WL 105631, at *2-3 ("'A contract for permanent employment where the consideration is paid wholly or partly in advance, as by the relinquishment of a claim for personal injuries, or which is supported by a consideration other than the promise to render services, is not such an indefinite contract as to come within the rule [of at-will employment].'") (quoting *Combs v. Standard Oil Co.*, 59 S.W.2d 525, 526 (Tenn. 1933)); *see also Copeland v. Ferro Corp.*, 145 F.3d 1330, 1998 WL 152948, at *2 (6th Cir. 1998) (unpublished) ("It was clear in *Price* [*v. Mercury Supply Co., Inc.*, 682 S.W.2d 924 (Tenn. Ct. App. 1984)] that the employee had furnished no consideration other than the services required in the agreement. Here, Copeland could argue–but does not–that his agreement to relocate from Ohio to Tennessee amounted to new consideration, and that the alleged contract was therefore not terminable at will."). Although Defendant is correct that employment for an indefinite term renders an employment relationship at will, here Plaintiff alleges he exchanged over $16,000 for a promise not to terminate his employment. Whether that promise contained terms that prevented application of the at-will doctrine is a question the Court will provide Plaintiff the opportunity to answer with evidence.

Further, construing the complaint in Plaintiff's favor, the Court concludes he has alleged sufficient facts to survive Defendant's motion. In Tennessee, a plaintiff "must prove [1] the existence of a valid and enforceable contract, [2] a deficiency in the performance amounting to a breach, and [3] damages caused by the breach." *Melville Capital, LLC v. Tenn. Commerce Bank*, No. 3:11–CV–00888, 2011 WL 6888476, at *4 (M.D. Tenn. Dec. 29, 2011) (quoting *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). "[A]n oral contract will be considered 'valid and

8

binding so long as the terms are definite and certain.'" *Id.* (quoting *Thompson v. Creswell Indus. Supply, Inc.*, 936 S.W.2d 955, 957 (Tenn. Ct. App. 1996)). First, with respect to the first prong, the Court has already concluded the agreement as alleged, under certain circumstances, could constitute a valid contract. Second, were the contract enforceable, termination of Plaintiff under the facts alleged would be a clear breach. Finally, when an employment contract is breached, "the proper measure of damages is the salary that would have been earned had the contract not been breached, less any amount the employee earned or should have earned in the exercise of reasonable diligence in some other employment during the unexpired contract term." *Cantrell v. Knox Cnty. Bd. of Educ.*, 53 S.W.3d 659, 662 (Tenn. 2001). Plaintiff seeks lost wages consistent with the measure of damages in breach of contract claims. Given the Court must construe the complaint's allegations in Plaintiff's favor, the Court will deny Defendant's motion to dismiss on this claim.

The Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion with respect to Plaintiff's breach of contract claims. Plaintiff's claim Defendant breached its duty of good faith and fair dealing pursuant to its May 10, 2012 contract will be dismissed. However, Plaintiff's claim Defendant breached its contract not to terminate his employment in exchange for his scrap-material profits will survive Defendant's motion.

### B. Negligent Misrepresentation

Plaintiff's negligent misrepresentation claim is apparently made as a result of Lambeth's representation Plaintiff's employment would not be adversely affected by execution of the scrap material agreements. Defendant argues Plaintiff has improperly pleaded this claim, in that Lambeth did not have authority to act on Defendant's behalf and Plaintiff has not pleaded the circumstances with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

9

However, the Court concludes, although not discussed by the parties, negligent misrepresentation is unavailable to plaintiffs in the employer–employee context. In *Shelby v. Delta Air Lines, Incorporated*, 842 F. Supp. 999, 1015 (M.D. Tenn. 1993), *aff'd*, 19 F.3d 1434, 1994 WL 102995 (6th Cir. 1994), the court concluded, because Tennessee had adopted the negligent misrepresentation definition in Restatement of Torts (Second) § 552, the tort of negligent misrepresentation was inapplicable in the employment context. The court noted the only Tennessee cases it located considered negligent misrepresentation in the context of commercial transactions and that none of the examples in § 552 involved employers and employees. Moreover, the Court concluded,

> allowing a claim for negligent misrepresentation in this particular context would be inconsistent with Tennessee's employment-at-will rule since it would allow a discharged at-will employee to attack through an action sounding in tort, what he/she is unable to challenge by an action for breach of contract. The Court believes that any such inroad on Tennessee's employment-at-will rule should be decided by the Tennessee Supreme Court or the Tennessee General Assembly.

*Id.* at 1015-16. Some subsequent cases, however, considered negligent misrepresentation in this context without addressing whether it is applicable. *See Jackson v. Alstom Power, Inc.*, No. 1:04-CV-107, 2005 WL 2030715, at *5-6 (E.D. Tenn. Aug. 23, 2005) (granting summary judgment for defendant on plaintiffs-employees' negligent misrepresentation claim without considering whether it applies in the employer–employee context); *Shatford v. smallbusiness.com*, No. M2003-02315-COA-R3-CV, 2005 WL 1390092, at *5 (Tenn. Ct. App. June 13, 2005) (reversing a trial court's grant of summary judgment in favor of defendant–employer on plaintiff–employee's negligent representation claim); *Brock v. Provident Life & Accident Ins. Co.*, NO. 03A01-9509-CV-00297, 1996 WL 134943, at *6 (Tenn. Ct. App. Mar. 27, 1996) (affirming grant of summary judgment in favor of defendant–employer on a negligent misrepresentation claim

without considering whether it applies).

However, the Tennessee Supreme Court cited *Shelby* with approval when it noted "in the non-lawyer cases involving application of Section 552, recovery has been allowed only when the advice or information negligently supplied was given in the course of a commercial or business transaction *for guidance of others in their business transactions.*" *Robinson v. Omer*, 952 S.W.2d 423, 427-28 (Tenn. 1997) (emphasis in original) (citing *Shelby*, 842 F. Supp. at 1015). More recently, the Tennessee Supreme Court stated it "has consistently limited liability for negligent misrepresentations to 'business or professional persons who negligently supply false information for the guidance of others in their business transactions.'" *Hodge v. Craig*, 382 S.W.3d 325, 345 (Tenn. 2012) (quoting *John Martin Co., Inc. v. Morse/Diesel, Inc.*, 819 S.W.2d 428, 433 (Tenn. 1991)). In discussing *Robinson*, the court noted "we characterized the requirement that the misrepresentation be made to guide others 'in their business transactions' as an 'essential element' of a negligent misrepresentation claim under the Restatement (Second) of Torts § 552." *Id.* (quoting *Robinson*, 952 S.W.2d at 428).

Accordingly, the Court concludes negligent misrepresentation is unavailable to plaintiffs in the employer–employee context. The Tennessee Supreme Court has "consistently limited" the tort to instances where business or professional persons have provided false information in guidance of business transactions. Additionally, the Tennessee Supreme Court cited with approval a case from the Middle District of Tennessee specifically concluding negligent misrepresentation was unavailable in the employer–employee context. The Court concludes Plaintiff's negligent misrepresentation claim fails, and will **GRANT** Defendant's motion to dismiss this claim.

**C. Defamation**

Plaintiff asserts a defamation claim against Defendant, alleging Defendant "ruined his reputation" by making untrue oral communications to its employees that suggested Plaintiff stole property or otherwise acted dishonestly in his removal of the scrap materials. Plaintiff alleges this "resulted in injury to [his] reputation." Defendant argues Plaintiff's complaint is insufficiently vague, does not properly allege publication, and fails to allege Defendant published a statement with knowledge or reckless disregard of its truth. Plaintiff does not refute this, but responds "Defendant is correct that Plaintiff's allegation of defamation as pled is general and not specific at this time as to what exact statements were made, the names of who made them, or what day and time they were made." Plaintiff argues he hopes to obtain this information through discovery.

In Tennessee, a plaintiff establishes a prima facie case of defamation if he establishes "1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). "'Publication' is a term of art meaning the communication of defamatory matter to a third person." *Id.* at 571-72 (quoting *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn. 1994)). However, "'[c]ommunication between officers and agents of a corporation . . . is not publication.'" *Chaves v. AT&T*, No. 3:12–CV–80, 2012 WL 2887559, at *4 (E.D. Tenn. July 13, 2012) (quoting *Siegfried v. The Grand Krewe of Sphinx*, No. W2002–02246–COA–R3–CV, 2003 WL 22888908, at *2 (Tenn. Ct. App. Dec. 2, 2003)). "The rationale behind such a rule is that publication requires 'the communication of a defamatory matter to a third person' and 'communication among agents of the same corporation . . . are not to be considered as statements communicated or publicized to third persons.'" *Siegfried*, 2003 WL 22888908, at *2 (quoting

12

*Sullivan*, 995 S.W.2d at 572; *Woods v. Helmi, M.D.A.*, 758 S.W.2d 219, 223 (Tenn. Ct. App. 1988)).

In *Chaves*, the court dismissed a plaintiff's defamation claim because the plaintiff's complaint stated only fellow employees of the defendant "were privy to plaintiff's employee statement," which the plaintiff argued contained defamatory statements. Because only plaintiff's fellow employees were informed of the contents of the plaintiff's employee statement, the "statement was merely 'communication among agents of the same corporation,' rather than 'the communication of a defamatory matter to a third person,'" and the court dismissed plaintiff's claim for failing properly to plead publication. *Chaves*, 2012 WL 2887559, at *4 (quoting *Siegfried*, 2003 WL 22888908, at *2); *see also Woods*, 758 S.W.2d at 223 ("[E]very Tennessee case dealing with this subject has involved communications between employees of the same corporation.").

The Court must dismiss Plaintiff's defamation claim for the same reason. Although Plaintiff seeks further discovery regarding the contents of the defamatory statement as well as to whom the communication was made, one of the few clear allegations in his complaint is that Defendant made "defamatory oral communications to various employees of Defendant." Accordingly, as in *Chaves*, Plaintiff has failed to plead publication. Therefore, the Court will **GRANT** Defendant's motion to dismiss on Plaintiff's defamation claim.

### D. Mediation

Plaintiff seeks an order referring the parties to mediation pursuant to Local Rul 16.4. Defendant opposes this motion, stating it seeks dismissal of all Plaintiff's claims with prejudice and mediation would be unproductive pending the Court's ruling on its motion. Considering the Court's decision announced today, the parties views may change regarding mediation. Accordingly, the Court will **DENY** Plaintiff's motion with leave to refile it after consideration of this memorandum

and its accompanying order.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART** and will **DENY IN PART** Defendant's motion to dismiss (Court File No. 21). This case will proceed narrowly on Plaintiff's claim Defendant breached a contract when it fired Plaintiff after Plaintiff returned his scrap-material profits in exchange for a promise he would not be terminated.

The Court will **DENY** Plaintiff's motion to refer the case to mediation (Court File No. 30) with leave to refile in light of this memorandum and its accompanying order.

**An order shall enter.**

                                         **/s/**
                                         **CURTIS L. COLLIER**
                                       **UNITED STATES DISTRICT JUDGE**